**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of | No. CV 09-02280-PHX-JAT |
| Fort Defiance Housing Corporation, | Bk. No. 2-05-4534 RTB |
| Debtor. | Adv. No. 2-06-AP-00911 RTB |
| | **ORDER** |
| Brenda Moody Whinery, Trustee, | |
| Plaintiff/Appellee, | |
| vs. | |
| Lodgebuilder, Inc., William Aubrey, Brenda Todd, | |
| Defendants/Appellants. | |

Before this Court is the appeal of William Aubrey and Brenda Todd of the bankruptcy court's refusal to entertain their motion for Rule 60(b), Fed. R. Civ. P., relief from judgment. The Court will dismiss the appeal for lack of subject matter jurisdiction.

*Legal Standard*

District courts "have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1) (2006).

Once an appeal is filed, the bankruptcy court no longer has jurisdiction to consider motions to vacate judgment. *Gould v. Mut. Life Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir.

1986). However, the bankruptcy court may "entertain and decide a Rule 60(b) motion after notice of appeal is filed" if the movant asks the bankruptcy court whether it "wishes to entertain the motion, or to grant it, and then moves [the district] court, if appropriate, for remand of the case." *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (quotation omitted).[1] If the bankruptcy court declines to entertain or grant a Rule 60(b) motion, that order is interlocutory and not a final determination on the merits. *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir. 2000).

*Background*

On March 9, 2009, the bankruptcy court entered an adversary judgment in favor of Brenda Moody Whinery and against Aubrey and Todd. Aubrey and Todd appealed.

On September 16, 2009, while the appeal was pending, Aubrey and Todd filed a "Joint Motion to Dismiss Judgment," pursuant to Rule 60(b)(1), (3), and (4), in the bankruptcy court. On September 23, 2009, the bankruptcy court ruled it lacked jurisdiction to consider the Rule 60(b) motion because of the pending appeal.

On September 30, 2009, Aubrey and Todd filed a "Motion for Expedited Reconsideration" of the bankruptcy court's denial of their Rule 60(b) motion. On October 19, 2009, the bankruptcy court entered a signed minute entry order denying the motion. In this order, the bankruptcy court acknowledged that under Ninth Circuit law "while an appeal is pending, a party seeking to dismiss the order being appealed under Fed. R. Civ. P. 60 may ask the trial court to indicate whether it would entertain or grant the motion to dismiss." (Doc. #10 at 23.) However, the bankruptcy court determined that Aubrey and Todd's earlier motion did not contain "any evidence which would cause this court to change its decision in this adversary," and refused to exercise jurisdiction to entertain or grant it. *Id.* at 24. Aubrey and Todd brought this appeal.

---

[1] Federal Rule of Civil Procedure 62.1 now governs the procedure for Rule 60(b) "indicative rulings." However, Rule 62.1 did not become effective until December 1, 2009, after the date of the bankruptcy court's ruling. The analysis in this Order would not differ had the new rule been in effect.

- 2 -

*Discussion*

Both parties wrongly classify the bankruptcy court's denial of the request to entertain a Rule 60(b) motion as an appealable final order. Whinery is correct that "denials of motions to vacate the judgment under Rule 60(b) are appealable as final orders under 28 U.S.C. § 1291." (Doc. #9 at 5, citing *Jeff D. v. Kempthorne*, 365 F.3d 844, 850 (9th Cir. 2004).) But that is not the posture of this case.

When Aubrey and Todd filed this Rule 60(b) motion with the bankruptcy court, the matter was currently pending on appeal. Thus, the bankruptcy court lacked jurisdiction to hear a Rule 60(b) motion, or to deny that motion. Therefore, *Jeff D.* does not apply.

Here, while the bankruptcy court lacked jurisdiction, Aubrey and Todd moved to see if the bankruptcy court would entertain a Rule 60(b) motion. Thus, the bankruptcy court's "order declining to entertain or grant a Rule 60(b) motion is a procedural ruling and not a final determination on the merits." *Bernal*, 204 F.3d at 930.

Because this Court's appellate jurisdiction over the bankruptcy court is limited to "final judgments, orders, and decrees" and there has been no such order, this Court lacks jurisdiction to review this interlocutory order of the bankruptcy court.

Accordingly,

IT IS ORDERED that William Aubrey and Brenda Todd's appeal is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that this Order shall serve as the mandate in this case.

DATED this 22nd day of March, 2010.

James A. Teilborg
United States District Judge